# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PIERRE CIDONE,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-09-01650 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **SHABAZZ, et al.,** | : | |
| | : | |
| Defendants | : | |

## M E M O R A N D U M

Plaintiff Pierre Cidone ("Cidone"), an inmate currently confined at the Lackawanna County Prison in Scranton, Pennsylvania, filed this amended civil rights complaint pursuant to 42 U.S.C. § 1983 on October 2, 2009.[1] (Doc. 10.) Named as Defendants are Sameerah Shabazz; Berks County Welfare Department Officer Melissa; and Supervisor Jennifer Shaffer. The amended complaint is presently before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons that follow, the claims against Defendant Shabazz will be dismissed and she will be terminated as a party, and Cidone will be directed to file a second amended complaint. Failure to file a second amended complaint will result in closure of this case.

---

[1] Plaintiff filed an initial complaint, filed under 28 U.S.C. § 1331 and construed by the court as filed under 42 U.S.C. § 1983, on August 26, 2009, (Doc. 1), followed by a motion for leave to amend the complaint, (Doc. 6). The court granted Cidone's motion for leave to amend the complaint on September 11, 2009, and directed Cidone to file an amended complaint on or before October 2, 2009. (Doc. 9.)

[2] Cidone is proceeding *in forma pauperis*. (*See* Docs. 2 & 9.)

**I.     Background**

Initially, the court notes that Cidone references no dates whatsoever in either his initial or amended complaint. However, the facts, as alleged by Cidone, are as follows. Defendant Sameerah Shabazz filed a false claim of parentage against Cidone in a Berks County, Pennsylvania court, asserting that Cidone is the father of her child. (Doc. 10 at 2.) According to Cidone, Defendant Melissa from the Berks County Welfare Department denied Cidone access to that Berks County court, where he planned to present a paternity test proving that he is not the parent of the child. (*Id*. at 3.) Further, Defendant Shaffer deducted funds from Cidone's paycheck without his authorization or consent. (*Id*.) As relief, Cidone seeks compensatory and punitive damages.

**II.     Discussion**

Under 28 U.S.C. § 1915(e),[3] the court is permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the

---

[3] Section 1915(e)(2) provides that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal –
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from
        such relief.

28 U.S.C. § 1915(e)(2).

summons and service of the complaint." *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 453 (3d Cir. 1996). The court may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990).

### A. State Actors

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). For § 1983 purposes, actions taken "under color of law" are the equivalent of "state action" under the Fourteenth Amendment. *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). "Thus, to state a claim of liability under § 1983, [a plaintiff] must allege that she was deprived of a federal constitutional or statutory right by a state actor." *Id*. at 339. "A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Further, a private individual is considered to be acting "under color of law" for § 1983 purposes if he or she engages in a conspiracy with state actors for the purpose of violating a plaintiff's

3

protected civil rights. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (citations omitted) ("Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions.").

Here, there is nothing in the amended complaint to suggest that Defendant Shabazz's act of filing an allegedly false parentage claim is "conduct, by its nature, chargeable to the state." *Angelico*, 184 F.3d at 277. *See also Weisman v. Sherry*, 514 F. Supp. 728, 734 (M.D. Pa. 1981) (filing of private criminal complaint by a private individual was not state action for § 1983 purposes). Moreover, even construing the amended complaint liberally, there is nothing to suggest that Defendant Shabazz conspired with any state actors in filing the parentage claim. As such, the complaint will be dismissed as to Defendant Shabazz.

### B. Amended Complaint

Although there is no heightened pleading standard in § 1983 cases,[4] a § 1983 complaint must bear some relation to the Federal Rules of Civil Procedure. Here, Cidone's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which states, in pertinent part:

---

[4] *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). The United States Supreme Court rejected a heightened pleading standard, noting that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id*. at 168. *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

4

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> * * *
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). In his form complaint, Cidone provides no information with respect to when the events set forth in the amended complaint occurred. Without a time frame in which to set Cidone's allegations, the amended complaint cannot proceed. As a result, the amended complaint is subject to *sua sponte* dismissal by the court. In the interests of justice to this *pro se* litigant, however, Cidone will be granted thirty (30) days within which to submit an amended complaint.

In preparing his amended complaint, Cidone is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show

5

entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Cidone is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

Finally, Cidone is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, this case will be closed.

## III.   Conclusion

For the reasons set forth above, Cidone shall be afforded the opportunity to amend his claims against Defendants Melissa and Shaffer.  Further, the complaint will be dismissed as to Defendant Shabazz.

An appropriate order follows.

s/Sylvia H. Rambo  
United States District Judge

Dated:  October 20, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PIERRE CIDONE,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-09-01650 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **SHABAZZ,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# **O R D E R**

AND NOW, this 20th day of October, 2009, for the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The claims against Defendant Shabazz are **DISMISSED**. The Clerk of Court is directed to terminate Defendant Shabazz as a party in this action.

2) The amended complaint (Doc. 10) is **DISMISSED** for failure to comply with the Federal Rules of Civil Procedure.

3) Within thirty (30) days from the date of this order, Plaintiff shall file a second amended complaint, utilizing the enclosed civil rights form, in accordance with the Federal Rules of Civil Procedure.

4) Failure to submit a second amended complaint in accordance with the foregoing memorandum will result in the closure of this case.

                                           s/Sylvia H. Rambo
                                           United States District Judge