IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PIERRE CIDONE,** | : | CIVIL NO. 1:CV-09-01650 |
| **Plaintiff** | : | |
| | : | (Judge Rambo) |
| v. | : | |
| **WELFARE DEPT. BERKS MELISSA OFFICER, et al.,** | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Plaintiff Pierre Cidone ("Cidone"), an inmate currently confined at the Lackawanna County Prison in Scranton, Pennsylvania, filed this third amended civil rights complaint pursuant to 42 U.S.C. § 1983 on January 7, 2010.[1] (Doc. 16.) Named as Defendants are Sameerah Shabazz; Melissa, officer of Welfare Department; and Jennifer Shaeffer, Supervisor. The third amended complaint is presently before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons that follow, the third amended complaint will be

---

[1] Plaintiff filed an initial complaint, filed under 28 U.S.C. § 1331 and construed by the court as filed under 42 U.S.C. § 1983, on August 26, 2009, (Doc. 1), followed by a motion for leave to amend the complaint, (Doc. 6). The court granted Cidone's motion for leave to amend the complaint on September 11, 2009, and directed Cidone to file an amended complaint on or before October 2, 2009. (Doc. 9.) Cidone's first amended complaint, filed on October 2, 2009 (Doc. 10), was dismissed for failure to comply with the Federal Rules of Civil Procedure and Cidone was directed to file a second amended complaint, (Doc. 11). Cidone filed a second amended complaint on December 21, 2009. (Doc. 14.) Upon screening, the court again dismissed the complaint for failure to comply with the Rules, and directed Cidone to file a third amended complaint. (Doc. 15.)

[2] Cidone is proceeding *in forma pauperis*. (*See* Docs. 2 & 9.)

dismissed, *sua sponte*, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  **Background**

The facts, as alleged by Cidone, are as follows. At some point prior to November 2004, Defendant Sameerah Shabazz conspired with state officials to obtain money from Cidone by filing a false claim of parentage against him in the Berks County Court of Common Pleas asserting that Cidone is the father of her child. (Doc. 16 at 3.) According to Cidone, in November 2004 Defendant Melissa prevented him from seeking a court order for a DNA test to prove the parentage of the child, and informed him that if he did not pay child support the Welfare Department was "going to keep on harassing" him. (*Id*.) Also in November 2004, Cidone met with Defendant Shaeffer, who told him that when he missed his initial DNA test date, apparently scheduled for some time while he was incarcerated from March 2001 to March 2003, he was designated as the father of the child and directed to pay child support. (*Id*. at 4.) Further, Cidone asserts that in January 2005, he met again with Defendant Melissa in order to ask for a court date to request a new date for the DNA test. (*Id*.) According to Cidone, Defendant Melissa denied him access to court and warned him that he would be incarcerated

2

if he did not pay child support. (*Id.*) Cidone does not specify the relief requested in his third amended complaint.

## II. Discussion

Pursuant to 28 U.S.C. § 1915(e)(2), a court shall review a complaint in a civil action filed by a prisoner and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A district court may determine that service of the complaint should not be made if the complaint presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)). Upon review, the court finds that Cidone's claims are barred by Pennsylvania's applicable statute of limitations and, therefore, his third amended complaint fails to state a claim upon which relief may be granted.

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996); *Saylor v. Ridge*, 989 F. Supp. 680, 686 (E.D. Pa. 1998). The United States Supreme Court clarified its decision in *Wilson* when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989); *Little v. Lycoming County*, 912 F. Supp. 809, 814 (M.D. Pa.), *aff'd*, 101 F.3d 691 (3d Cir. 1996) (Table). Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).

Further, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982). *See also Oshiver v. Levin, Fishbein, Sedren & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994) ("the accrual date is not the date on which the wrong that injures the plaintiff occurs, but the date on

which the plaintiff *discovers* that he or she has been injured") (emphasis in original). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." *Fassnacht v. United States*, 1996 WL 41621, at *2 (E.D. Pa. Feb. 2, 1996) (citing *Oshiver*, 38 F.3d at 1386).

Here, the claims set forth in Plaintiff's third amended complaint all stem from the alleged filing of the parentage claim, filed at some point prior to November 2004. At the latest, Plaintiff's claims arose in January 2005 when Defendant Melissa allegedly denied him access to court. The initial complaint in this case was filed on August 26, 2009. As evidenced by his allegations in the instant complaint, Cidone was aware of his alleged injuries in November 2004 or January 2005 at the latest.

Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face of the complaint, and no development of the factual record is required to

determine whether dismissal is appropriate.³ *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 215 (2007) (stating if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). These conditions are met here. It is clear that Cidone's claims stem from alleged constitutional misconduct which occurred at some point in or around November 2004, or, at the latest, January 2005. There are no facts or allegations asserted in these claims regarding any impediment which may have prevented the timely filing of this action. Further, there are no averments of law or fact which could support the tolling of the statute of limitations. Consequently, since these claims are barred by the applicable statute of limitations, they will be dismissed as time barred, and the third amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

                 s/Sylvia H. Rambo
                 United States District Judge

Dated: January 13, 2010.

---

³ Although the Third Circuit Court of Appeals has not yet visited this issue in a precedential opinion, in several unpublished opinions the Third Circuit Court has affirmed the *sua sponte* dismissal of claims barred by the statute of limitations. *See Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) ("a district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run"); *Hurst v. Trader*, 223 F. App'x 128, 131 n.6 (3d Cir. 2007) (noting that other federal Courts of Appeals have held that "the statute of limitations is an affirmative defense and as such is not grounds for *sua sponte* dismissal under § 1915 unless the defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate").

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PIERRE CIDONE,** | : | **CIVIL NO. 1:CV-09-01650** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **WELFARE DEPT. BERKS MELISSA OFFICER, et al.,** | : | |
| **Defendants** | : | |

## O R D E R

**AND NOW**, this 13th day of January, 2010, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's third amended complaint (Doc. 16) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2) The Clerk of Court is directed to **CLOSE** this case.

3) Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: January 13, 2010.